[Civ. No. 5146. Second Appellate District, Division Two.—April 25, 1928.]

A. S. PRENTICE, Appellant, v. R. D. WEAVER et al., Respondents.

Davis & Thorne for Appellant.

G. C. DeGarmo and H. B. Cornell for Respondents.

VALENTINE, J., *pro tem.*—This is an action for money alleged to be due from defendants for certain labor and ser-

vices in the building of a house by plaintiff's assignor. There was no written contract. The complaint contains three counts or alleged causes of action: (1) Upon an express contract for services rendered; (2) for the reasonable value of services rendered, and (3) for money had and received. The answer contains a specific denial of all the allegations of the complaint.

The plaintiff contended that defendants had agreed to pay plaintiff's assignor ten per cent of the agreed price of construction for his labor and services. Defendants contended that plaintiff's assignor had agreed to construct the house for the sum of $4,248, named by him. The court found for the defendants, and from the judgment entered thereon plaintiff takes this appeal.

Appellant specifies two grounds of appeal, viz.: First, that the findings of fact and judgment are not supported by the evidence, and second, that the court erred in permitting any evidence supporting an affirmative defense or new matter when said affirmative defense or new matter was not pleaded.

The evidence is quoted at some length by both appellant and respondents. It seems unnecessary here to discuss it farther than to say that a careful examination of the transcript discloses that the evidence was strongly conflicting throughout and that it is a well-settled rule that this court will not disturb the findings of the trial court under those circumstances.

As to appellant's second point, an examination of the record discloses that the evidence which was admitted over plaintiff's objection was evidence as to the conversation between plaintiff and defendants, at which the arrangement or verbal agreement for the building of the house by plaintiff's assignor was made. Plaintiff had called defendant R. D. Weaver under section 2055 of the Code of Civil Procedure at the opening of his case, and he had then testified in part to this conversation, and he was later called and examined by his own counsel, but only as to the matters testified to by him on such examination, i. e., his previous examination by the adverse party under section 2055 of the Code of Civil Procedure. When we consider also that the issue raised by the pleadings was whether the terms of

the verbal agreement were as alleged by the plaintiff, the defendant's testimony as to this conversation would have been material even if he had not been previously examined under section 2055. ° The evidence developed by respondents did not operate to prove an affirmative defense which was not alleged. It tended to show that the one contract pleaded in the complaint was never made, and the trial court was right in so considering it.

The findings of the trial court, based on all the testimony, are only that the allegations of the complaint are not true, and the judgment rendered was that plaintiff take nothing. No affirmative relief was asked by or granted to the defendants.

There is no merit in either of the appellant's contentions. Judgment affirmed.

Works, P. J., and Thompson, J., concurred.